Weldon, J.,
delivered the opinion of the court:
In this proceeding the plaintiff seeks to recover compensation for having performed the duties of sinking-fund commissioner of the District of Columbia, and alleges his right to such compensation by the allegations of his petition as follows :
“Your petitioner further states that pursuant to the provisions of the act of June 11, 1878 (20 Stat., 102), the offices of the sinking-fund commissioners of the District of Columbia were abolished, and the duties and powers possessed by said commissioners were transferred to and exercised by the Treasurer of the United States, to be performed by him in accordance with the provisions of existing laws; that your petitioner in compliance therewith performed all the duties pertaining to said offices of the sinking-fund commissioners, together with the duties of the Treasurer of the United States, as aforesaid.”
The facts show that the petitioner was appointed Treasurer of the United States April 1,1883, and performed the duties from that time until April 30, 1885, a period of two years and one month. During said period he performed the duties before that time performed by the treasurer of the “ sinking-fund commissioners of the District of Columbia.” The commissioners of the sinking fund were created by the act of August 19, *106 1871, of tbe legislative assembly of the District of Columbia, and their duties were prescribed as follows:
“ They shall have entire charge and control of the management cf the funded and bonded debt now due by the cities of Washington and Georgetown, the county of Washington, or which may hereafter be created by the District of Columbia.
“ They shall disburse upon their warrants all moneys collected and received by them on account of interest, or of the sinking fund, bonds, stocks, certificates of indebtedness, or loans due by said cities and county, or which may hereafter become due by the District of Columbia. When au.amouut equal to $10,000 shall have accumulated in their hands on account of the sinking fund, the said commissioners shall advertise and receive proposals for the purchase of the bonds, stocks, and certificates of indebtedness of the said cities, county, and District, and shall purchase them upon terms most advantageous to the public interest, and thereupon cancel the same, inscribing the amounts of said cancelled bonds upon the books of the commissioners. It shall be their duty to collect regularly all interest accruing upon the amount so inscribed, and to apply the same towards the purchase and cancellation, as aforesaid, of the principal of the bonds authorized to be issued.”
On June 20,1874, an act was passed entitled “An act for the government of the District of Columbia, and for other purposes” (18 Stat. L., 116). By the provisions of that act the commissioners of the sinking fund were continued in the exercise of their functions by the proviso to the second section, as follows:
“Provided, That nothing in this clause contained shall affect any provisions of the law authorizing or requiring a deposit of certificates ot assessments with the sinking-fund commission- • ers of said District.”
In the act of March 3, 1875 (18 Stat. L., 376), making appropriations for legislative, executive, and judicial expenses of the Government, for the year ending June 30, 1876, and for other purposes, it is provided:
“To pay the interest on the three-sixty-five bonds issued under the act entitled £An act for the government of the District of Columbia and other purposes,’ one huudred and eighty-five thousand dollars; and the salary of the commissioner of the sinking fund, acting as treasurer thereof, shall be one thousand dollars per annum.” *
*107 On June 11,1878, another act was passed entitled “An act providing a permanent form of government for the District of Columbia.” In that act it is provided—
“That the offices of sinking-fund commissioners are hereby abolished, and all duties and powers possessed by said commissioners are transferred to, and shall be exercised by, the Treasurer ot the United States, who shall perform the same in accordance with the provisions of existing laws.” (20 Stat. L., 102.)
In the reconstruction of the District under the provisions of said statute, the offices of sinking-fund commissioners were abolished, and their duties transferred to another officer of the Government, to wit, the Treasurer of the United States.
The question presented by these statutes and the findings of this case is, whether for the performance of the duties of the treasurer of the sinking-fund commissioners, for the space of two years and one month, the claimant is entitled to the salary allowed by law, to the treasurer of said commissioners while they were in existence. The act of March 3, 1875, provided a salary of $1,000 per annum for the treasurer of the sinking-fund commissioners, but since the passage of the act of 1878 no appropriation has been made to pay said officer. The office of treasurer of the sinking-fund commissioners was incident to that board of officers, and if by the act of 1878 the board was abolished, its effect could not be less destructive to an incident of the board. But it is contended that inasmuch as the act of 1875, providing a salary of $1,000 for the commissioner of the sinking fund “aiting as treasurer thereof” has not been repealed, it is still in practical force, and as operative in favor of the Treasurer of the United States as section 301, Bevised Statutes, fixing his salary as such. While repeals by implication are not favored, the subsequent law may so change the conditions, as that a repeal by implication becomes a logical necessity.
If the office of the treasurer of the sinking fund has been abolished, although its duties may have been transferred to some officer, the salary provided by law fails. The claimant predicates his right upon the allegation, that in law, during the time for which he sues, he was one of the commissioners of the sinking fund, “ acting as treasurer thereof.” If that be true *108 inlaw, then clearly lie is entitled to recover the compensation provided by tlie act of March 3, 1875. If it is not true, he has no light to recover.
It is a familiar principle of philosophy, true in morals as in physics, that everything incidental fails with the principal. “ The accessory does not lead but follows its principal. It follows also, of course, that where the principal ceases the accessory also ceases, or is destroyed, as when a less estate is created out of a greater, and the greater is destroyed or determined, the destruction or determination of the greater estate draws with it the destruction of determination of the less.” (Wharton’s Legal Maxims, 19.)
It is the commissioner of the sinking fund acting as treasurer, who is to receive the $1,000 by the act of 1875. The treasurer is an ex officio result of the existence of the commissioners of the “sinking fund.” If, then, the act of 1878 abolished the commissioners in terms, what is the effect on the ex officio result of the existence of the commissioners ? The law of 1878, after the abolition of the office of “ sinking fund commissioners ” transferred all duties and powers, possessed by said commissioners, to the Treasurer of the United States; but the office of commissioner was absolutely abolished, and the consequent office of treasurer thereof. The office was not transferred to the Treasurer of the United States; but simply the duties theretofore performed by the treasurer of the board of commissioners. This is a suit for a salary and in order to recover, the claimant must show that he held the office de jure; and however meritorious may have been his services as Treasurer of the United States, if he was not a commissioner of the sinking fund, “acting as treasurer thereof,” he can not recover.
This court has held in the case of Collins (15 C. Cls. R., 22), and in the case of Sanders (21 C. Cls. R., 408), that one person may hold two offices at the same time, and recover compensation for both; but against an extra compensation for additional service in the same office, is an express inhibition of the statute (Bev. Stats., §§ 1762, 1763, 176-1, and 1765). The claimant did not hold two offices, within the meaning of the law, as announced in the cases of Collins and Sanders; he simply performed in addition to his duties as Treasurer of the United States, the duties which before the act oí 1878 were performed *109 by one of the “sinking fund” commissioners, acting as the treasurer of said commissioners.
It is the judgment of the court that the petition be dismissed.
Scofield and Dayis, JJ., were absent when the case was heard and took no part in the decision.